# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| KENDRA MARSHALL | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE NO. |
| v. | : | _____ |
| | : | |
| DENTFIRST, P.C. | : | |
| | : | **Jury Trial Demanded** |
| | : | |
| Defendants. | : | |

## COMPLAINT

Kendra Marshall ("Plaintiff") files this Complaint against DentFirst P.C. ("Defendant" or "Employer"), and shows this Court as follows:

## NATURE OF THE ACTION

1.

This is an action due to age-based discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*., as amended.

## PARTIES

2.

Plaintiff Kendra Marshall is a U.S. citizen who resides in Cobb County in the State of Georgia.

3.

Defendant DentFirst P.C. is a domestic professional corporation incorporated under the laws of the State of Georgia and is subject to the jurisdiction of this Court for an action under the A.D.E.A. It can be served with summons and complaint upon its Agent for service of process, Brian Dowd, 1650 Oakbrook Dr. Suite 440, Norcross, GA 30093.

## JURISDICTION AND VENUE

4.

The claims brought in this lawsuit present federal questions, and jurisdiction in this Court is proper under 29 U.S.C. § 626, 28 U.S.C. §§ 1331, 1337, and 1343(a)(4).

5.

Venue of this suit is proper in the Northern District of Georgia, Atlanta Division under 28 U.S.C. § 1391(b). The unlawful termination and other discriminatory or unlawful acts against Plaintiff occurred in this judicial district and division. In addition, Plaintiff resides in and the Defendant is situate and operates in this judicial district and division.

6.

Plaintiff filed a timely charge of discrimination against the

Defendants at the Atlanta District Office of the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a notice of right to sue from the EEOC on or about May 6, 2014.

## FACTUAL ALLEGATIONS

### 7.

Kendra Marshall was hired by the Defendant on or about October 20, 1992.

### 8.

Plaintiff was a qualified employee, as she demonstrated the requisite skill, experience and educational requirements during her nineteen years of continuous employment by Defendant.

### 9.

At all times pertinent hereto, Defendant has employed more than 15 employees.

### 10.

Kendra Marshall was born on May 25, 1959.

### 11.

On or about October 19, 2011, Defendant terminated Plaintiff from her employment, stating that said termination was due to an alleged "reduction in workforce" by Defendant.

12.

During October, 2011, Defendant did not engage in any reduction of its workforce.

13.

On or about October 19, 2011, Plaintiff was 52 years of age when Defendant terminated her employment, and Plaintiff was thus protected from discrimination based upon her age under the A.D.E.A. at the time of her termination by Defendant.

14.

Defendant hired an employee to replace Plaintiff within days.

15.

Defendant hired an employee to replace Plaintiff, and no reduction in workforce was involved in Defendant's termination of Plaintiff's employment.

16.

The employee Defendant hired to replace Plaintiff was under 40 (forty) years of age upon the date of hire.

17.

As a result of Defendant's termination of Plaintiff's employment, Plaintiff has been illegally deprived of wages and benefits of her

employment, including insurance, loss of fringe benefits of her employment, has suffered financial hardship, emotional hardship, mental distress, emotional pain and suffering, loss of her financial security, and other harmful and deleterious effects of her termination, which Defendant knew or should have known would result from its termination of Plaintiff's employment.

18.

The U.S. Equal Employment Opportunity Commission found that Defendant discriminated against Plaintiff because of her age in violation of the Age Discrimination in Employment Act of 1967 when Defendant terminated Plaintiff's employment.

## COUNT ONE
## DISPARATE TREATMENT UNDER THE
## A.D.E.A.

19.

Plaintiff incorporates by reference the allegations set forth in the paragraphs 1 through 18 of his Complaint as if fully set forth herein.

20.

Defendant discriminated against Plaintiff by terminating Plaintiff due to Plaintiff's age being in excess of fifty (50) years.

21.

Defendant's decision to terminate Plaintiff was motivated solely or primarily by Plaintiff's age.

22.

Defendant had no legitimate basis for terminating Plaintiff's employment with Defendant.

23.

Plaintiff is a member of a protected class, due to her age at the time of her termination being 52 years and five (5) months.

24.

Plaintiff was fully qualified to hold her position, and had held said position for in excess of ten years.

25.

Plaintiff had no history of disciplinary or performance issues during her employment by Defendant.

26.

Following Defendant's termination, Defendant held Plaintiff's position open and, in fact, hired a replacement for Plaintiff within days of terminating Plaintiff.

27.

Defendant fabricated a pretext of a non-existent "reduction in workforce" as a fraudulent basis for terminating Plaintiff's employment.

28.

As a result of Defendants' discriminatory acts, Plaintiff is entitled to recover the relief requested below.

## COUNT TWO
## DISPARATE IMPACT UNDER THE
## A.D.E.A

29.

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 28 of his Complaint as if fully set forth herein.

30.

To the extent Defendant used any neutral criteria to terminate Plaintiff and any others, said criteria had a disparate impact because of Plaintiff's age and was not based on reasonable factors other than age.

31.

As a result of Defendant's discriminatory acts, Plaintiff is entitled to recover the relief requested below.

## COUNT THREE
## INTENTIONAL DICRIMINATORY
## TERMINATION UNDER THE A.D.E.A

7

32.

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 31 of his Complaint as if fully set forth herein.

33.

Defendant's decision to terminate Plaintiff's employment was intentionally motivated by Plaintiff's age.

34.

Plaintiff was not terminated as part of any "reduction in workforce" by Defendant, as Defendant did not engage in any reduction in workforce during the period in which Plaintiff's employment was terminated.

35.

Defendant replaced Plaintiff immediately by hiring a new employee who was less than forty (forty) years of age.

**COUNT FOUR**
**INTENTIONAL DICRIMINATORY**
**TERMINATION WITH MALICE UNDER**
**THE A.D.E.A**

36.

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 35 of his Complaint as if fully set forth herein.

37.

Defendant's conduct in terminating Plaintiff was performed with malice.

38.

Defendant's malice is shown by Defendant's action of terminating the employment of an employee who had been employed for 19 years, without legitimate cause.

39.

Defendant's malice is further shown by Defendant retroactively placing false blame upon nonexistent, performance issues in terminating the employment of Plaintiff.

40.

Defendant's malice is additionally shown by Defendant's actions prying into Plaintiff's personal, marital privacy prior to terminating the employment of Plaintiff.

41.

Defendant's malice is also shown by Defendant's refusal to provide any letter of recommendation upon terminating the employment of Plaintiff, despite said termination being pretextually based upon a non-performance issue, that being Defendant's non-existing "reduction in workforce".

42.

Defendant's malice will be shown further by other actions and words of Defendant.

43.

Defendant was fully aware at the time that Defendant terminated Plaintiff's employment that termination based solely or predominantly upon Plaintiff's age would be a violation of the A.D.E.A.

## COUNT FIVE
## WILLFUL DICRIMINATORY
## TERMINATION WITH MALICE UNDER
## THE A.D.E.A

44.

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 43 of his Complaint as if fully set forth herein.

45.

Defendant's conduct in terminating Plaintiff was willful.

46.

Defendant's willful disregard for the rights of Plaintiff is shown by Defendant's action of terminating the employment of an employee who had been employed for 19 years, without any legitimate cause.

47.

Defendant's willful disregard for the rights of Plaintiff is shown by Defendant attempting to cover up Defendant's actual reason for terminating Plaintiff's employment with a false claim that the reason Defendant terminated the employment of Plaintiff was due to a non-existent "reduction in workforce".

48.

Defendant's willful action is further shown by Defendant retroactively placing false blame upon nonexistent, performance issues in terminating the employment of Plaintiff.

49.

Defendant's willfulness is additionally shown by Defendant's actions prying into Plaintiff's personal, marital privacy prior to terminating the employment of Plaintiff.

50.

Defendant's willfulness is also shown by Defendant's refusal to provide any letter of recommendation upon terminating the employment of Plaintiff, despite said termination being pretextually based upon a non-performance issue, that being Defendant's non-existing "reduction in workforce".

51.

Defendant's willful disregard for the rights of Plaintiff will be shown further by other actions and words of Defendant.

52.

Defendant was fully aware at the time that Defendant terminated Plaintiff's employment that termination based solely or predominantly upon Plaintiff's age would be a violation of the A.D.E.A.

## COUNT SIX
## DICRIMINATORY TERMINATION WITH
## RECKLESS INDIFFERENCE UNDER THE
## A.D.E.A

53.

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 52 of his Complaint as if fully set forth herein.

54.

Defendant acted with reckless indifference to the rights of Plaintiff in terminating Plaintiff.

55.

Defendant showed reckless indifference to the rights of Plaintiff by terminating the employment of Plaintiff, an employee who had been employed by Defendant for 19 years, for no legitimate reason.

56.

Defendant showed reckless indifference to the rights of Plaintiff by attempting to cover up Defendant's actual reason for terminating Plaintiff's employment by falsely claiming that the reason Defendant terminated the employment of Plaintiff was due to a non-existent "reduction in workforce".

57.

Defendant showed reckless indifference to the rights of Plaintiff by placing false blame upon nonexistent, pretextual performance issues in terminating the employment of Plaintiff.

58.

Defendant showed reckless indifference to the rights of Plaintiff by prying into Plaintiff's personal, marital privacy prior to terminating the employment of Plaintiff.

59.

Defendant showed reckless indifference to the rights of Plaintiff by refusing to provide any letter of recommendation upon terminating the employment of Plaintiff, despite said termination being pretextually based upon a non-performance issue, that being Defendant's non-existing "reduction in workforce".

60.

Defendant's reckless indifference to the rights of Plaintiff will be shown further by other actions and words of Defendant.

61.

Defendant's termination of Plaintiff's employment was undertaken with reckless indifference that said termination, based solely or predominantly upon Plaintiff's age, would be a violation of the A.D.E.A.

WHEREFORE, Plaintiff prays:

a.   That Summons issue requiring Defendant to answer the Complaint within the time provided by law;

b.   That Plaintiff be awarded a declaratory judgment that Defendant discriminated against Plaintiff in violation of the A.D.E.A.;

c.   That Plaintiff recover from Defendant back pay and benefits with pre-judgment interest;

d.   That this Court either order Defendant to reinstate Plaintiff or award her front pay and benefits and future pecuniary damages in an amount sufficient to compensate Plaintiff;

e.   That Plaintiff recover compensatory damages against Defendant in

an amount to be determined by a jury;

f.      That Plaintiff recover punitive damages under the A.D.E.A. and any other applicable federal law;

g.      That Plaintiff recover liquidated damages under the A.D.E.A. and any other applicable federal law;

h.      That Plaintiff be compensated for the emotional pain and suffering, loss of enjoyment of life and mental anguish she has suffered;

h.      That Plaintiff recover attorney's fees and costs of litigation under the A.D.E.A. and any other applicable federal law;

i.      That Plaintiff recover prejudgment interest; and

j.      That the Court award Plaintiff any other or further relief as it deems necessary and proper, or equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

**Local Rule 7.1.D Certification:**

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14 point font in compliance with Local Rule 5.1B.

Respectfully submitted this _____ th day of _____, 2014.

Theodore Salter Jr. & Associates, P.C.

_____
Thomas A. Bound
Ga. Bar No. 070320

112 Townpark Drive, Suite 040
Kennesaw, Georgia  30144
Telephone (404) 239-0106
Facsimile (404) 365-0811
lawoffice@theodoresalterjr.com
Attorney for Plaintiff