# I. JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| KENDRA MARSHALL | : |
| Plaintiff, | : |
| | : CIVIL ACTION FILE NO. |
| v. | : 1:14-CV-02421WSD |
| DENTFIRST, P.C. | : |
| Defendants. | : |

### Joint Preliminary Report and Discovery Plan

**1.   Description of Case:**

(a) Describe briefly the nature of this action.

This is an action for discrimination against Plaintiff by the Defendant in the form of violations of the Age Discrimination in Employment Act of 1967 (hereinafter, "ADEA"), 29 U.S.C. § 621 *et seq.*, as amended.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

Plaintiff's Response:

Plaintiff Kendra Marshall was hired by Defendant as a part-time dental assistant

on or about October 20, 1992. Plaintiff was subsequently promoted to different positions by Defendant, including Patient Service Representative, Assistant Perio Administrator, the Ortho and Oral Surgery department Administrators, and, by 2009, Plaintiff was put in charge of the Duluth office and, subsequently, the Alpharetta and then the Smyrna offices.

On October 19, 2011, Defendant terminated Plaintiff's employment, alleging that her termination was due to "Lay off—Reduction in workforce". Defendant gave no other explanation for terminating Plaintiff's employment on her DOL-800.

Defendant did not lay off Plaintiff due to a reduction in workforce. In fact, Defendant was not engaged in any reduction of workforce at the time Defendant terminated Plaintiff.

At the time Defendant terminated Plaintiff's employment, Plaintiff was 52 years of age. Defendant replaced Plaintiff with an employee who was, at the time, less than 40 years of age, upon information and belief. Prior to her termination, Defendant took no action regarding Plaintiff's job performance and had instituted no disciplinary action of any nature against Plaintiff.

Defendant's termination of Plaintiff's employment was motivated by Plaintiff's age.

Defendant's Response:

Ms. Marshall was hired as a Dental Assistant and promoted several times. Although Ms. Marshall was a successful Practice Administrator for many years, her performance in

the year or so before her termination took a turn for the worst. The executive team began receiving several complaints from team members, doctors, and patients about Ms. Marshall's behavior and performance. DentFirst asked Ms. Marshall to come to the Resource Center/corporate office on October 10, 2011 to discuss her situation. At the end of this discussion, it was decided that Ms. Marshall would take time off to consider the concerns raised, and that the situation would be re-evaluated the following week. After Ms. Marshall left the office that day, and in order to develop a full understanding of the situation, DentFirst contacted and interviewed other employees who worked at the office where Ms. Marshall was based. As a result of these interviews, and due to Ms. Marshall's unacceptable actions in the office and interactions with patients, DentFirst decided that Ms. Marshall would no longer be the appropriate person to manage the Cobb office.

After a week off of work, Ms. Marshall came back to the corporate office to discuss the situation. DentFirst communicated to Ms. Marshall that it was no longer feasible for her to return to the Cobb office in a leadership role, and identified several alternative options for Ms. Marshall. Ms. Marshall rejected these alternative options and giving an ultimatum. Ms. Marshall told DentFirst that if it was not willing to accede her ultimatum, she preferred that DentFirst terminate her employment. Ms. Marshall indicated that she preferred to be terminated rather than her voluntarily resigning so that she would have a better chance of receiving unemployment benefits.

n/a
n/a

It was determined that meeting Ms. Marshall's ultimatum was not possible because the conditions of the ultimatum were not reasonable and would cause an undue hardship to the company. As a result of Ms. Marshall's many years of service, and to facilitate her receipt of unemployment benefits, DentFirst described Ms. Marshall's separation as a reduction in force rather than as a termination.

At no point in any discussion with Ms. Marshall, or regarding Ms. Marshall, was her age a factor. She has not been the victim of age discrimination and her allegations of discrimination are unfounded and should be rejected.

Ms. Marshall was not replaced within 24 hours. Catherine Raynor was placed in the position vacated by Ms. Marshall. Ms. Raynor was promoted from another office within DentFirst. Ms. Raynor has been a loyal DentFirst employee for eleven (11) years. She had managed 2 offices before being promoted at the Cobb office and held the Patient Services Representative, Insurance Coordinator, and Assistant Practice Administrator positions in the past, which made her an excellent candidate for the Practice Administrator position at the Cobb office.

Plaintiff believes the legal issues to be tried are as follows:

- Whether Plaintiff is entitled to protection under the ADEA;
- Whether Defendants terminated Plaintiff based on her age;
- Whether Defendant had legitimate, non-discriminatory reasons for its termination of Plaintiff;

- Whether Defendant's stated reasons for terminating Plaintiff were pretextual;

- Whether the Defendant's termination of Plaintiff's employment constituted disparate treatment;

- Whether Defendant's actions created a disparate impact for Plaintiff;

- whether the Defendant's termination of Plaintiff's employment was an intentional violation of the ADEA,

- Whether the Defendant's termination of Plaintiff's employment constituted or was motivated by malice,

- Whether the Defendant's termination of Plaintiff's employment showed willful disregard for Plaintiff's rights,

- Whether the Defendant's termination of Plaintiff's employment was conducted with reckless indifference to Plaintiff's rights,

- Whether the Defendant's termination of Plaintiff's employment was reasonable

- How much, if any, damages should be awarded to Plaintiff.

Defendant believes the legal issues to be tried are as follows:

- Whether Plaintiff is entitled to protection under the ADEA;

- Whether Defendant terminated Plaintiff based on her age;

- How much, if any, damages should be awarded to Plaintiff.

(c) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:
None

(2) Previously Adjudicated Related Cases:

None

2. This case is complex because it possesses one or more of the features listed below (please check):

    _____ (1) Unusually large number of parties
    _____ (2) Unusually large number of claims or defenses
    _____ (3) Factual issues are exceptionally complex
    _____ (4) Greater than normal volume of evidence
    _____ (5) Extended discovery period is needed
    _____ (6) Problems locating or preserving evidence
    _____ (7) Pending parallel investigations or action by government
    _____ (8) Multiple use of experts
    _____ (9) Need for discovery outside United States boundaries
    _____ (10) Existence of highly technical issues and proof
    _____ (11) Unusually complex discovery of electronically stored information

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

    Thomas A. Bound, Esq.
    THEODORE SALTER JR. & ASSOCIATES, P.C.
    112 Townpark Drive, Suite 040
    Kennesaw, Georgia  30144

Defendant:

    Frederick C. Dawkins, Esq.
    A Professional Corporation

3379 Peachtree Road
Suite 555
Atlanta, Georgia 30326

4.  **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

____Yes        X___No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.  **Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

None

(b) The following persons are improperly joined as parties:

N/A

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

N/A

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.  **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

None at this time.

_____

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

## 7. Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored

information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

No objections at this time.

---

### 9.   Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The Parties do not request a scheduling conference at this time.

---

### 10.   Discovery Period:

The parties desire that the discovery period commence upon approval by the Court of this Joint Preliminary Report. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

- Plaintiff's performance while employed by Defendant;

- The reasons Defendant terminated Plaintiff's employment;

- Defendant's hiring and termination practices and history;

- Facts and procedures involved in Defendant's termination of Plaintiff;

- Damages, including mitigation; and

- Defendant's defenses.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

None at this time.

None

**11.     Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None anticipated at this time.

(b) Is any party seeking discovery of electronically stored information?

    X       Yes
    _____  No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The Parties have discussed the issue of electronic discovery and envision basic searches of Plaintiffs' and the relevant witnesses' computers and e-mail accounts for documents and other evidence relating to Plaintiff's employment, her communications with Defendant, Defendant's communication regarding Plaintiff, and damages.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format

(PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The Parties will produce electronically stored documents in PDF format, without metadata, via paper or disk as appropriate for the size of the production. If the metadata of a particular document is at issue, the Parties will produce the metadata for the document(s) in question on a case-by-case basis.

The Parties do not expect a significant volume of electronic discovery in this case and anticipate being able to resolve any discovery disputes amiably without judicial intervention. If judicial intervention becomes necessary, the Parties will take the appropriate steps to seek same.

---

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

## 12. Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None at the present time.

---

## 13. Settlement Potential:

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on October 20, 2014 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature):  /s/ Thomas A. Bound

Other participants:    None

For defendant: Lead counsel (signature): /s/ Frederick C. Dawkins

Other participants:        none

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

   (_____) A possibility of settlement before discovery.
   (_____) A possibility of settlement after discovery.
   (_____) A possibility of settlement, but a conference with the judge is needed.
   (  X   ) No possibility of settlement.

(c) Counsel ( X ) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is February 20, 2014.

(d) The following specific problems have created a hindrance to settlement of this case.

D

Dispute regarding liability.

## 14.  Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge

form has been submitted to the clerk of court this _____ day of _____, of 20_____.

(a) The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 5th day of November, 2014.

_____
Thomas A. Bound
Georgia Bar No. 070320
lawoffice@theodoresalterjr.com
THEODORE SALTER J.R. &
ASSOCIATES, P.C.
112 Townpark Drive, Suite 040
Kennesaw, Georgia 30144
Telephone: 404.239.0106
Facsimile: 404.365.0811

Attorney for Plaintiff

_____
Frederick C. Dawkins
Georgia Bar No.
fdawkins@fcd-law.com
FREDERICK C. DAWKINS
3379 Peachtree Road, Suite 555
Atlanta, Georgia 30326
Telephone: 404.974.9543
Facsimile: 404.974.9542

Attorney for Defendants

*Signed with express permission

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KENDRA MARSHALL | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION FILE NO. |
| | : 1:14-CV-02421WSD |
| DENTFIRST, P.C. | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I certify that on November 5, 2014, I electronically filed the forgoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk of the Court using the CM/ECF system, which automatically sent notice to the following:

> Frederick C. Dawkins, Esq.
> A Professional Corporation
> 3379 Peachtree Road
> Suite 555
> Atlanta, Georgia 30326
> Email: fdawkins@fcd-law.com

_____
Attorney for Plaintiff