UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENDRA MARSHALL | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION FILE NO. |
| | : 1:14-CV-02421WSD |
| DENTFIRST, P.C. | : |
| Defendants. | : |

**PLAINTIFF'S INITIAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.1, Plaintiff submits this, her Initial Disclosures.

**(1)** State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

**Response:** This is a lawsuit for unlawful discrimination in employment, specifically discrimination against Plaintiff by the Defendant in the form of violations of the Age Discrimination in Employment Act of 1967 (hereinafter, "ADEA"), 29 U.S.C. § 621 *et seq.*, as amended.

Plaintiff Kendra Marshall was hired by Defendant as a part-time dental assistant on or about October 20, 1992. Plaintiff was subsequently promoted to

1

different positions by Defendant, including Patient Service Representative, Assistant Perio Administrator, the Ortho and Oral Surgery department Administrators, and, by 2009, Plaintiff was put in charge of the Duluth office and, subsequently, Alpharetta and then the Smyrna offices.

On October 19, 2011, Defendant terminated Plaintiff's employment, alleging that her termination was due to "Lay off—Reduction in workforce". Defendant gave no other explanation for terminating Plaintiff's employment.

Defendant did not lay off Plaintiff due to a reduction in workforce. In fact, Defendant was not engaged in any reduction of workforce at the time Defendant terminated Plaintiff.

At the time Defendant terminated Plaintiff's employment, Plaintiff was 52 years of age. Defendant replaced Plaintiff with an employee who was, at the time, less than 40 years of age.

Defendant's termination of Plaintiff's employment was motivated by Plaintiff's age.

The legal issues are whether the Defendant violated the ADEA, whether the Defendant's termination of Plaintiff's employment constituted disparate treatment, whether Defendant's actions created a disparate impact for Plaintiff, whether the Defendant's termination of Plaintiff's employment was an intentional violation of the

ADEA, whether the Defendant's termination of Plaintiff's employment constituted or was motivated by malice, whether the Defendant's termination of Plaintiff's employment showed willful disregard for Plaintiff's rights, whether the Defendant's termination of Plaintiff's employment was conducted with reckless indifference to Plaintiff's rights, whether the Defendant's termination of Plaintiff's employment was reasonable, and what, if any, damages resulted from Defendant's discriminatory actions.

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

**Response:** Plaintiff contends that the Age Discrimination in Employment Act of 1967 (hereinafter, "ADEA"), 29 U.S.C. § 621 *et seq.*, as amended. In addition, the Older Worker Benefit Protection Act of 1990, 29 U.S.C. § 623; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as well as all case law related to ~~or interpreting the ADEA, the OWBPA or Title VII would also be applicable.~~

(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**Response:** Plaintiff anticipates that any employee of Defendant during the period outlined in the above factual outline of this case potentially witnessed actions which constituted violations of the ADEA or who were aware of Defendant's hiring and termination policies or actions, or who otherwise are likely to have discoverable information relating to this action. See also Attachment A

(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

**Response:** Plaintiff is not currently aware of any potential witnesses who would be subject to this disclosure. Plaintiff will supplement her response if any such witnesses are hired by or become known to Plaintiff.

(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**Response:** See Attachment C.

(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying

4

as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**Response:** See Attachment D.

(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**Response:** No such insurance is known to Plaintiff.

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.

**Response:** Plaintiff is unaware of any persons or entities who have any subrogation interest in this action.

This 5th day of November, 2014.

THEODORE SALTER, JR. &
ASSOCIATES, P.C.

_____
THOMAS A. BOUND
Attorney for Plaintiff
State Bar of Georgia No. 070320

112 Townpark Drive, Suite 040
Kennesaw, Georgia 30144
404-239-0106

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KENDRA MARSHALL  :   <br><br>    Plaintiff,     : <br>                         : <br> v.                      : <br>                         : <br> DENTFIRST, P.C.         : <br>                         : <br>    Defendants.         : | CIVIL ACTION FILE NO. <br> 1:14-CV-02421WSD |

## CERTIFICATE OF SERVICE

I certify that on November 5, 2014, I electronically filed the forgoing **PLAINTIFF'S INITIAL DISCLOSURES** with the Clerk of the Court using the CM/ECF system, which automatically sent notice to the following:

Frederick C. Dawkins, Esq.
A Professional Corporation
3379 Peachtree Road
Suite 555
Atlanta, Georgia 30326
Email: fdawkins@fcd-law.com

_____
Attorney for Plaintiff