UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENDRA MARSHALL : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION FILE NO. |
| v. : | 1:14-CV-02421WSD |
| : | |
| DENTFIRST, P.C. : | |
| : | |
| : | |
| Defendants. : | |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1 and Federal Rules of Civil Procedure 56, Plaintiff in the above-styled civil action submits this, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, and shows the Court as follows:

1.

Defendant terminated the employment of Plaintiff on or about October 19, 2011, stating that this termination was due to "Lay off—reduction in workforce." (Exhibit 1 to Plaintiff's Motion to Dismiss or, in the Alternative, for Sanctions for Spoliation of Evidence, hereinafter "Motion to Dismiss")

2.

Defendant's termination of Plaintiff's employment on or about October 19, 2011 was an adverse employment action.

1

3.

Defendant's decision to remove Plaintiff from her position as practice administrator of Defendant's Cobb office is an adverse employment action.

4.

Plaintiff was qualified for her position as Practice Administrator, which Plaintiff had held for a number of years, and had previously held at several other offices of Defendant.  (Motion to Dismiss Exhibit 3, 156:18-20; Motion to Dismiss Exhibit 9, 33:7-14).

5.

Plaintiff was 52 years of age on the date of her termination. (Defendant's Answer, paragraph 10).

6.

Defendant replaced Plaintiff with a younger employee under the age of 40, and who was therefore outside of Plaintiff's protected class. (Exhibits 21 and 22, No. 5)

7.

Defendant has failed to meet its burden of producing admissible evidence that the adverse employment actions involving Plaintiff were taken for a legitimate, nondiscriminatory reason.

8.

Defendant has failed to meet its burden of producing admissible evidence that Defendant's adverse employment actions were undertaken because "Plaintiff brought a lot of personal issues into office."

9.

Defendant has failed to meet its burden of producing admissible evidence that Defendant's adverse employment actions were undertaken because "Plaintiff allowed a lot of employees to 'ride the clock' with nothing to do so that they could receive bigger paychecks."

10.

Defendant has failed to meet its burden of producing admissible evidence that Defendant's adverse employment actions were undertaken because "Plaintiff was very intimidating to employees and made comments like 'I hope you are my friend and don't throw me under the bus'."

11.

Defendant has failed to meet its burden of producing admissible evidence that Defendant's adverse employment actions were undertaken because "Plaintiff threatened employees with office closure."

12.

Defendant has failed to meet its burden of producing admissible evidence that

Defendant's adverse employment actions were undertaken because "Plaintiff made inappropriate comments like 'I want to hire more white people'".

13.

Defendant has failed to meet its burden of producing admissible evidence that Defendant's adverse employment actions were undertaken because "Plaintiff was not properly managing collections and Pre-treatment estimate reports" [sic].

14.

Defendant has failed to meet its burden of producing admissible evidence that Defendant's adverse employment actions were undertaken due to any "unacceptable actions in the office and interactions with patients,"

15.

Defendant has failed to meet its burden of producing admissible evidence that Defendant's adverse employment actions were undertaken because of complaints by doctors.

16.

Each alleged non-discriminatory reason upon which Defendant now contends it based its termination of Plaintiff for which Defendant has failed to meet its burden of producing admissible evidence that Defendant's adverse employment actions were undertaken should be subject to summary judgment by the Court.

17.

Defendant's entire defense should be subject to summary judgment by this court due to Defendant's failure to meet its burden of producing admissible evidence that Defendant's adverse employment actions were undertaken because of any legitimate, non-discriminatory basis.

18.

Plaintiff seeks summary judgment for each alleged non-discriminatory reason upon which Defendant contends it based its termination of Plaintiff for which Defendant has failed to meet its burden of producing admissible evidence that Defendant's adverse employment actions were undertaken.

19.

Plaintiff seeks summary judgment for the entirety of Defendant's liability defenses due to Defendant's failure to meet its burden of producing admissible evidence that Defendant's adverse employment actions were undertaken for legitimate, non-discriminatory reasons.

20.

Plaintiff seeks summary judgment that Plaintiff has established a prima facie case of employment discrimination due to discrimination by Defendant due to Plaintiff's age.

**Local Rule 7.1.D Certification:**

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14 point font in compliance with Local Rule 5.1B.

Respectfully submitted this 13th day of October, 2015.

                        Bound Law Firm, LLC

                        /s/  Thomas A. Bound
                        Thomas A. Bound
                        Ga. Bar No. 070320
                         Attorney for Plaintiff
                        1000 Parkwood Circle, Suite 900
                        Atlanta, Georgia  30339
                        Telephone (678) 830-2355
                        Facsimile (470) 299-9552
                        TBound@protectingyourrights.org

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENDRA MARSHALL<br><br>Plaintiff,<br><br>v.<br><br>DENTFIRST, P.C.<br><br>Defendants. | :<br>:<br>:<br>:<br>:   CIVIL ACTION FILE NO.<br>:         1:14-CV-02421WSD<br>:<br>:<br>:<br>:<br>: |

### CERTIFICATE OF SERVICE

I certify that on October 13, 2015, I served a true and correct copy of **PLAINTIFF'S MOTION TO DISMISS AND FOR SANCTIONS FOR SPOLIATION OF EVIDENCE** upon counsel of record electronically, as follows:

Frederick C. Dawkins, Esq., 3379 Peachtree Road, Suite 555, Atlanta, Georgia 30326, fdawkins@fcd-law.com

> Bound Law Firm, LLC
>
> /s/  Thomas A. Bound
> Thomas A. Bound
> Ga. Bar No. 070320
>  Attorney for Plaintiff
> 1000 Parkwood Circle, Suite 900
> Atlanta, Georgia  30339
> Telephone (678) 830-2355
> Facsimile (470) 299-9552
> TBound@protectingyourrights.org